IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02469-BNB

SOVEREIGN HUNTER LEE WEEKS,

    Applicant,

v.

JUDGE DEVON R. ODELL,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 17 2011

GREGORY C. LANGHAM
                CLERK

---

ORDER OF DISMISSAL

---

Applicant, Hunter Lee Weeks, is an inmate at the Larimer County Detention Facility in Fort Collins, Colorado. Mr. Weeks has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking damages, dismissal of the criminal charges pending against him in state court, and his release from custody. The Court must construe the application liberally because Mr. Weeks is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the application will be denied and the action will be dismissed.

Mr. Weeks asserts three claims for relief, each of which arises out of his contention that the state court lacks jurisdiction to prosecute him. He describes the nature of this action as follows:

> The nature of this case is that the Larimer County District
> Court Judge, Devon R. Odell[,] refuses to acknowledge his

> lack of jurisdiction of an immune Sovereign. After being notified several times in writing and in verbal form, he and his courts refuse to follow due process and enact a jurisdictional hearing. As of 2011/09/19, yet another warranted request has been initiated. The case is considered on-going but, because of no jurisdiction, is illegal and being forced (rail-roaded) forward. This is what brings this issue to the United States District Courts, in the hopes that the laws of your land will be upheld.

(Doc. #1 at 2.) It is apparent that Mr. Weeks is asking the Court to intervene in ongoing state court criminal proceedings, and the Court will abstain from exercising jurisdiction over this action.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). To establish extraordinary or special circumstances, a defendant must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. Abstention under *Younger* is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Weeks alleges that the state case is ongoing. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36,

49 (1986) (citing *Younger*, 401 U.S. at 44-45).  With respect to the third condition, Mr. Weeks fails to demonstrate that the state proceedings do not afford an adequate opportunity to present his federal claims.  The fact that Mr. Weeks' efforts to prevent the State from prosecuting the criminal case against him have been unsuccessful does not mean that he has not had, or does not have, an adequate opportunity to present his federal claims in the state court proceedings.

Mr. Weeks "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  However, the fact that Mr. Weeks will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id*.  It is Mr. Weeks' "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* at 890.

Although Mr. Weeks clearly believes that the state court lacks jurisdiction to prosecute him, he fails to demonstrate that the criminal case was commenced with no reasonable hope of success. He also fails to demonstrate or even allege any improper motivation for the charges. Finally, there is no indication that the criminal case against Mr. Weeks has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. Therefore, the Court finds that *Younger* abstention is appropriate in this action.

To summarize, Mr. Weeks does not allege any facts that indicate he will suffer great and immediate irreparable injury if the Court fails to intervene in the ongoing state court criminal proceedings. If Mr. Weeks ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

Finally, the Court also notes that part of the relief Mr. Weeks seeks is an award of damages for each day of his confinement. The request for damages will be denied because such a request is not appropriate in a habeas corpus action. **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973) (stating that "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). Furthermore, even if the request for damages was appropriate in this habeas corpus action, the request would be barred by Supreme Court precedent. **See Wilkinson v. Dotson**, 544 U.S. 74, 81-82 (2005) (stating that a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the

target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Accordingly, it is

ORDERED that the application is denied and the action is dismissed without prejudice. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __17th__ day of ___October___, 2011.

BY THE COURT:


___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02469-BNB

Hunter Lee Weeks
Prisoner No. 1429105
Larimer County Detention Facility
2405 Midpoint Dr
Ft Collins, CO 80525

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on October 17, 2011.

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                  Deputy Clerk